convenience and necessity. Hence a competing carrier which delays a considerable period before complaining of non-compliance by its competitor with the requirements of **Section 614-91 and 614-93, General Code,** as to an increase in equipment, has no power thereby to waive such requirements for the state.

Marshall, C J, Robinson and Matthias, JJ, concur. Kinkade, J, not participating.

### INDUST COMM v GARDINIO

Ohio Supreme Court

No. 21086. Decided Jan. 16, 1929.

**MATTHIAS, J**

**EMPLOYER & EMPLOYE**

(250 W3) The Ohio Workmen's compensation fund is not available to an employee injured while engaged in the performance of a contract to do specified work in another state, no part whereof is to be performed in Ohio.

Marshall, C J, Robinson, Jones, Day and Allen, JJ, concur. Kinkade, J, not participating.

### OHIO TRANSIT CO v P U C

Ohio Supreme Court

No. 21314. Decided Jan. 16, 1929.

**ALLEN, J**

**AUTOMOBILES**

(50 P2b) An order of the Public Utilities Commission to desist from operating equipment authorized by an order of such Public Utilities Commission which is void because of non-compliance with jurisdictional statutory requirements, does not constitute an alteration, amendment, or revocation of a certificate within the purview of **Section 614-87, General Code.**

Marshall, C J, Robinson, and Matthias, JJ, concur. Kinkade, J not participating.

### PRICE et v STATE ex MENTZER et

Ohio Supreme Court

No. 21292. Decided Jan. 23, 1929

**ALLEN, J**

**ELECTIONS**

(240 C) Under **Section 5162 et seq., General Code,** when the notice of election contest, specifying the points on which the contest shall be based, does not as a matter of law set forth allegations sufficient, if proved, to invalidate the election, a decision rendered by the jury of freeholders upon such points of contest is void and of no effect.

(240 C2)    The corrupt practices act, **Section 5175-26 et seq., General Code,** was designed to prevent corruption and to guarantee purity of election, and not to prevent a candidate from defining his principles.

A promise made by candidates for the board of trustees of public affairs of a village which owns and operates a public water works, to "furnish without charge, clean wholesome well-water for the community swimming pool during the few summer months it is used rather than compel the children of our town to swim in filtered creek water," does not constitute a corrupt practice under **Section 5175-26, General Code.**

Marshall, C J, Kinkade, Robinson, Jones, Matthias and Day, JJ, concur.